# **EXHIBIT C**

## **(Art Claims Bar Date Notice)**

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
In re:                                                       :    Chapter 7 Case
                                                             :    No. 17-13228 [MKV]
CHOWAIKI & CO. FINE ART LTD.,                                :
                                                             :
                                 Debtor.                     :
                                                             :
------------------------------------------------------------ X
```

**NOTICE OF DEADLINE TO ASSERT CLAIMS OF OWNERSHIP TO WORKS OF ART REGARDING CHOWAIKI & CO. FINE ART LTD.**
**(THE DEADLINE IS 5:00 P.M. EASTERN TIME ON MARCH 16, 2018)**

On February ___, 2018, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order (the "Art Bar Date Order") establishing the deadline for the filing of claims of ownership interests in Works of Art that are, or in the future may be, in the possession of Albert Togut, not individually but solely in his capacity as the Chapter 7 Trustee (the "Trustee") of Chowaiki & Co. Fine Art Ltd. (the "Debtor"), the debtor in the above-captioned Chapter 7 case (the "Bankruptcy Case").

Pursuant to the Art Bar Date Order of the Court, the deadline to file such claims is **5:00 p.m. (Prevailing Eastern Time) on March 16, 2018 (the "Art Claims Bar Date")**.

The Trustee is in possession, custody, or control of numerous works of art and fine art (collectively, the "Works of Art," and each individually, a "Work of Art") and he may seek to recover additional Works of Art in connection with the administration of the Debtor's estate. Various parties ("Art Claimants") may assert that certain Works of Art are not property of the Debtor's estate under section 541 of the Bankruptcy Code or that they own interests in certain Works of Art. Potential claims ("Art Claims") include, without limitation, assertions that a Work of Art was held by the Debtor: (a) on consignment; (b) on sale or return; and/or (c) pursuant to some other contractual basis under which the Works of Art is not property of the Debtor's estate.

If you believe that you are entitled to make an Art Claim, you must (a) file your Art Claim proof of claim with the Court in compliance with the Art Bar Date Order that accompanies this Notice and (b) serve a copy on the Trustee's attorney at the address below in compliance with the Bar Date Notice **no later than the Art Claims Bar Date**:

    Albert Togut, Trustee
    One Penn Plaza
    Suite 3335
    New York, New York 10119
    Attn: Neil Berger, Esq. and Minta J. Nester, Esq.
    (212) 594-5000

**ART CLAIMS RECEIVED AFTER THE ART CLAIMS BAR DATE SHALL BE DISALLOWED BY THE BANKRUPTCY COURT, AND ALL OWNERSHIP RIGHTS, IF ANY, OF SUCH ART CLAIMANT WITH RESPECT TO ANY WORKS OF ART THAT HAS NOT BEEN DESCRIBED IN A TIMELY ART CLAIM SHALL BE TERMINATED AND FOREVER BANNED.**

Dated:    February __, 2018

                                          BY THE ORDER OF THE COURT