UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                      :

In re:                                       :         Chapter 7 Case

                                                     :         No. 17-13228 [MKV]
CHOWAIKI & CO. FINE ART LTD.,         :

                                                     :
                                 Debtor.       :

                                                     :
------------------------------------------------------------- X

**ORDER (I) ESTABLISHING A SPECIAL BAR DATE FOR ART CLAIMS
AND (II) APPROVING FORM AND MANNER OF NOTICE THEREOF**

Upon the application (the "Motion") of Albert Togut, not individually but solely in his capacity of the Chapter 7 trustee (the "Trustee") of the estate of Chowaiki & Co. Fine Art Ltd. (the "Debtor") in the above captioned case, by his attorneys, Togut, Segal & Segal LLP, for an order pursuant to sections 105(a), 107(b), 501, 502(b)(9), and 704(a)(5) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") [ECF No. 46], (I) establishing the last date by which proofs of claim must be filed against the Debtor solely by the Art Claimants[1] to assert their claims of ownership to Works of Art against the Debtor's estate, and (II) approving the form and manner of notice thereof; and the Court having jurisdiction to consider the Motion and relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that adequate notice of the Motion has

---

[1]   Capitalized terms which are not defined herein have the meanings set forth in the Motion.

been given and that no further notice is necessary [ECF No. 48]; and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b) and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and responses to the Motion having been filed by Jane Holzer [ECF No. 47] and Jeffrey H. Loria & Co., Inc. [ECF No. 51] (the "Responses"); and it appearing that the relief requested is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and after due deliberation, and it appearing that good and sufficient cause for the relief sought in the Motion exists, it is hereby:

**ORDERED**, that the Responses are resolved and the Motion is granted to the extent provided herein; and it is further

**ORDERED**, that the Art Claims Bar Date is **5:00 p.m. (Prevailing Eastern Time) on April 16, 2018**; and it is further

**ORDERED**, that Art Claims must be filed with this Court and received by the attorneys for the Trustee no later than the Art Claims Bar Date; and it is further

**ORDERED**, that each Art Claim must: (1) be written in the English language; (2) substantially conform to Official Bankruptcy Form No. 410;[2] (3) be made under penalty of perjury; (4) be signed by the applicable Art Claimant; (5) specifically identify the Work of Art at issue; (6) specifically identify in detail the Work of Art that is subject to Art Claim and the factual bases for such assertion; (7) include a copy of any

---

[2] Official Bankruptcy Form 410 can be found at www.nysb.uscourts.gov/forms, the Official Website for the United States Bankruptcy Courts.

2

and all agreements, documents, instruments, and other writings upon which the Art Claim is based or supporting the Art Claim (or an explanation as to why such documentation is not available) including, without limitation, all documents that establish the provenance of each Work of Art; and (8) be accompanied by evidence, if any, that any security interest asserted by the Art Claimant in a Work of Art has been perfected; and it is further

**ORDERED**, that for cause shown in the Motion and pursuant to Bankruptcy Code section 107(b) and Bankruptcy Rule 9018, Art Claimants may redact from the Art Claims that they file with the Clerk of the Court all Confidential Information, but shall deliver unredacted documents in support of their Art Claim to **both** the Trustee and the Chambers of the Honorable Mary Kay Vyskocil; and it is further

**ORDERED**, that the Trustee, the Art Claimants and any party in interest in this case shall file such Confidential Information in a redacted form, if incorporated into or submitted with any motion or pleading; and it is further

**ORDERED**, that the rights of the Trustee, Art Claimants or any party interest in this case to contest the designation of any information as Confidential Information is expressly preserved and not waived; and it is further

**ORDERED**, that any party in interest may seek relief from the provisions of this Order pertaining to the redaction or sealing of Confidential Information by filing a written motion for a hearing, with notice to parties in interest; and it is further

3

**ORDERED**, the Trustee shall notify parties of the Art Claims Bar Date by: (i) within three (3) business days after entry of this Order, serving by regular mail, email and/or overnight courier copies of: (a) this Order; (b) the Motion, (c) the Art Claims Bar Date Notice, substantially in the form annexed to the Motion as Exhibit "C," together with a copy of an Official Bankruptcy Form 410, and (d) the Art Lists on all of the Notice Parties; and (ii) as soon as practicable after entry of this Order, by causing the Art Claims Bar Date Notice, substantially in the form annexed hereto as Exhibit "1" in the New York Times, pursuant to Bankruptcy Rule 2002(l); and it is further

**ORDERED, THAT ANY ART CLAIMANT THAT FAILS TO FILE AN ART CLAIM ON OR BEFORE THE ART CLAIMS BAR DATE IN FULL COMPLIANCE WITH THE PROVISIONS OF THIS ORDER, SHALL BE FOREVER PRECLUDED AND BARRED FROM ASSERTING ANY RIGHT OR CLAIM OF OWNERSHIP OR INTEREST IN THE WORKS OF ART AND SUCH TARDY ART CLAIM SHALL BE DISALLOWED WITHOUT FURTHER ORDER OF THIS COURT**; and it is further

**ORDERED**, that the Trustee and his retained attorneys are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED**, that nothing contained herein constitutes a determination of the validity or priority of any interest in any Work of Art which is the subject of a timely Art Claim, including any alleged security interest, and any determination regarding competing interests in any Work of Art, including but not limited to ownership

4

interests and security interests, shall be subject to further order of this Court following a hearing on prior written notice to all parties asserting an interest in the subject Work of Art; and it is further

**ORDERED**, that entry of this order is without prejudice to (a) the Trustee's right to seek discovery from any person pursuant to the Rule 2004 Order or otherwise, or (b) the right of any other party in interest to seek discovery pursuant to Bankruptcy Rule 2004 or otherwise; and it is further

**ORDERED**, that the Court shall retain jurisdiction to hear and determine any and all matters arising from the interpretation and/or implementation of this Order.

Dated:   February 14, 2018
         New York, New York

                                          *s/ Mary Kay Vyskocil*
                                       HONORABLE MARY KAY VYSKOCIL
                                       UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                          :
In re:                                                    :    Chapter 7 Case
                                                          :
                                                          :    No. 17-13228 [MKV]
CHOWAIKI & CO. FINE ART LTD.,                             :
                                                          :
                              Debtor.                     :
                                                          :
-------------------------------------------------------------- X

## NOTICE OF DEADLINE TO ASSERT CLAIMS OF OWNERSHIP TO WORKS OF ART REGARDING CHOWAIKI & CO. FINE ART LTD.

On February 14, 2018, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order (the "Art Claims Bar Date Order") establishing the deadline for the filing of claims of ownership interests (each an "Art Claim") in works of art (collectively, the "Works of Art") that are, or in the future may be, in the possession of Albert Togut, not individually but solely in his capacity as the Chapter 7 Trustee (the "Trustee") of Chowaiki & Co. Fine Art Ltd. (the "Debtor").

Pursuant to the Art Claims Bar Date Order, the deadline to file Art Claims is **5:00 p.m. (Prevailing Eastern Time) on April 16, 2018 (the "Art Claims Bar Date")**.

If you believe that you are entitled to assert an Art Claim to assert that a Work of Art is not property of the Debtor's estate or that you own or have an interest in a Work of Art, you must do **both** of the following:

1. File your Art Claim with the Court in compliance with the Art Bar Date Order, which can be obtained upon request to the attorneys for the Trustee listed below. Attorneys (with full access accounts) should file Art Claims electronically on the Court's Case Management/Electronic Case File (CM/ECF) system. Those without accounts to the CM/ECF system may create and electronically file their proofs of claim through the "File A Proof of Claim" link on the Court's website, www.nysb.uscourts.gov, or by mailing or delivering the original Art Claim to the Court at the address provided below:

    United States Bankruptcy Court
    Southern District of New York
    One Bowling Green, Room 534 New York, New York 10004-1408

**Art Claims will be deemed filed only when received by the Court on or before the Art Claims Bar Date.** Art Claims may not be delivered to the Court by facsimile, telecopy or electronic mail transmission.

2. Deliver a copy of your Art Claim to the Trustee's attorney at the address below in compliance with the Bar Date Notice **no later than the Art Claims Bar Date**:

> Albert Togut, Trustee
> c/o Togut, Segal & Segal LLP
> One Penn Plaza, Suite 3335
> New York, New York 10119
> Attn: Neil Berger, Esq. and Minta J. Nester, Esq.
> (212) 594-5000

**ART CLAIMS RECEIVED AFTER THE ART CLAIMS BAR DATE SHALL BE DISALLOWED BY THE BANKRUPTCY COURT, AND ALL OWNERSHIP RIGHTS AND INTERESTS, IF ANY, OF SUCH ART CLAIMANT REGARDING ANY WORK OF ART THAT HAVE NOT BEEN IDENTIFIED IN A TIMELY ART CLAIM SHALL BE TERMINATED AND FOREVER BARRED.**

Dated:      February 14, 2018            BY THE ORDER OF THE COURT