Presentment Date: April 6, 2018, 2018 at 12 pm
Objection Deadline per Trustee Notice: April 6, 2018 at 11 am

Matthew C. Heerde
LAW OFFICE OF MATTHEW C. HEERDE
222 Broadway 19th Floor
New York, NY 10038
Phone: (347) 460-3588
Fax:    (347) 535-3588
mheerde@heerdelaw.com
*Counsel for Plaintiff Shay Rosen*

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Chowaiki & Co. Fine Art Ltd.,<br><br>       *Debtor.* | Case No. 17-13228 (MKV)<br>Chapter 7<br><br>**ORAL ARGUMENT REQUESTED<br>PER LOCAL RULE 9074-1(b)(3)** |

**SHAY ROSEN'S OBJECTION TO
THE CHAPTER 7 TRUSTEE'S APPLICATION [DOC. # 64]
<u>TO RETAIN SPECIAL COUNSEL</u>**

Shay Rosen ("Rosen"), as a party in interest in this Chapter 7 case, and as the plaintiff in the related adversary proceeding Case No. 17-1242 (MKV) ("Adversary Proceeding"), by and through his undersigned attorney, files this *Objection to the Chapter 7 Trustee's Application to Retain Special Counsel* ("Opposition").

Albert Togut, the Chapter 7 Trustee ("Trustee") of the estate of the debtor, Chowaiki & Co. Fine Art Ltd. ("Debtor"), has moved for entry of an order ("Application") [Doc. # 64] authorizing him to retain, *nunc pro tunc* to March 6, 2018, the law firm of Wiggin & Dana LLP ("Wiggin"). The Trustee seeks to retain Wiggin as his special counsel to assist him with investigating ("Investigation Services") and—if the Trustee and Wiggin agree to do so—litigate

1

("Litigation Services") art claims in favor of the Debtor pursuant to a fine arts insurance policy ("Policy"), which the Debtor held when it filed for Chapter 7 relief on November 13, 2017 ("Petition Date").

According to the Trustee's Application, Wiggin will charge the Debtor's estate hourly rates for its Investigation Services of between $195 and $695; and for its Litigation Services, Wiggin will collect a percentage contingency of 32% of cash recoveries paid to the Debtor's estate, net out-of-pocket expenses. The Trustee maintains that "the overall actual amount of compensation that Wiggin may receive from the Debtor's estate for its Investigation Services shall not exceed $65,000 absent a further order of this Court." Trustee's Application [Doc. #64] at ¶ 13. He further states that "Wiggin will make any requests for compensation and reimbursement for its Investigation Services under [Bankruptcy Code] sections 330 and 331[,]" and that any such "compensation and reimbursement . . . that the Court allows shall be payable as an administrative expense under [Bankruptcy Code] section 503(b) . . . from funds on hand in the applicable Debtor's estate." Id. at ¶ 17.

While Rosen does not *per se* object to retention of Wiggin by the Trustee as his special counsel, Rosen takes issue with the Trustee actually paying Wiggin for its Investigation Services prior to resolution of the Adversary Proceeding. As the Court is aware, the Adversary Proceeding concerns whether an international wire transfer for $230,000 ("Wired Funds"), made on October 23, 2017 by Rosen to the Debtor's City National Bank account, is property of the Debtor's bankruptcy estate. The Trustee has thus far repeatedly maintained in the Adversary Proceeding that the Wired Funds constitute "all of the funds in the estate[.]" *See, e.g.,* Trustee's Mot. to Dismiss First Am. Compl. [Doc. # 6] at 1, *Rosen v. Chowaiki Fine Art*, 17-AP-1242 (MKV). Thus, when the Trustee proposes in the instant Application to compensate Wiggin for its Investigation Services "from funds on hand[,]" *supra*, it can only mean that he is proposing to

2

use the Wired Funds. The Trustee, however, cannot marshal or otherwise dissipate property that does not belong to the Debtor's estate. *See, e.g., United States v. Whiting Pools, Inc.,* 462 U.S. 198, 205 (1983) ("Congress plainly excluded property of others held by the debtor in trust at the time of the filing of the petition."). And because Rosen maintains by way of the Adversary Proceeding that the Wired Funds are not property of the Debtor's estate, but in fact his property alone, the Trustee cannot by law or in equity utilize the Wired Funds until this Court adjudicates that action.

Despite being committed to vindicating to the fullest extent possible his property rights in the Wired Funds, Rosen has remained mindful of the larger bankruptcy context in which he finds himself. Namely, Rosen has not yet objected to what the Trustee has characterized as the *de minimis* use of the Wired Funds for the basic administration of the bankruptcy estate and preservation of artwork that was in the Debtor's possession on the Petition Date. The Trustee has used the Wired Funds to pay for storage of that artwork and to keep it insured.

However, contrary to both his agreement to do otherwise and his statutory obligation under Bankruptcy Code § 704(a)(7), the Trustee refuses to provide Rosen with even a basic accounting of the receipts and disbursements of the Debtor's estate. To address situations just such as this one, on January 26, 2018, this office and the Trustee agreed that the Trustee would provide this office with a confidential monthly ledger of receipts and disbursements of the Debtor's estate. To date, the Trustee has failed to provide any such ledger. Attached as <u>Exhibit A</u> hereto is a true and correct copy of the undersigned's email correspondence with the Trustee's counsel establishing that January 26, 2018 agreement and more recently regarding the Trustee's failure to comply with the agreement.

Rosen thus respectfully requests the Court include in any order it may enter pursuant to the Trustee's Application that Wiggin will not be compensated or reimbursed for expenses in connection with its Litigation Services until resolution of the Adversary Proceeding. In the alternative, Rosen asks the Court to grant him administrative expense priority for any amount of the Wired Funds that may be used to so compensate or reimburse Wiggin during the pendency of the Adversary Proceeding.

Rosen further requests the Court order the Trustee to provide an accounting of the Debtor's estate to date and comply with his January 26, 2018 agreement with this office to provide a monthly ledger.

Dated:  April 5, 2018　　　　　　　　　　　　　LAW OFFICE OF MATTHEW C. HEERDE
　　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　By: Matthew C. Heerde
　　　　　　　　　　　　　　　　　　　　　　　　　　222 Broadway 19th Floor
　　　　　　　　　　　　　　　　　　　　　　　　　　New York, New York 10038
　　　　　　　　　　　　　　　　　　　　　　　　　　Phone: (347) 460-3588
　　　　　　　　　　　　　　　　　　　　　　　　　　Fax:  (347) 535-3588
　　　　　　　　　　　　　　　　　　　　　　　　　　Email: mheerde@heerdelaw.com
　　　　　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff Shay Rosen*

| | |
|---|---|
| **Subject:** | Re: Rosen v. Chowaiki -- Opposition to MTD |
| **Date:** | Monday, March 26, 2018 at 11:40:21 AM Eastern Daylight Time |
| **From:** | Matthew Heerde |
| **To:** | Neil Berger |
| **CC:** | Arthur Palmieri, Minta Nester |
| **Attachments:** | image001.jpg |

That is not what the language of the agreement says, Neil.  The trustee's obligation to provide a ledger is not contingent on a ruling from the court.

We made an agreement that the trustee would provide a monthly ledger, and provided that if the case is dismissed, only then the agreement would not be effective.

Here's the language from your Friday Jan 26 email with my highlight and bold:

"The Trustee **will provide** your office a confidential monthly ledger of receipts and disbursements of the Debtor's estate.  Your office will provide the Trustee no less than 10 calendar days' advance notice of any application for injunctive relief, and the return date of any such application shall not be less than 10 calendar days after the application is filed, subject only to the Court's calendar availability.

This agreement **shall not be effective if** Rosen's Complaint, as amended, is dismissed."

If you prefer some time to prepare a ledger, we can discuss that.  But the agreement says what it says.

Matthew C. Heerde
LAW OFFICE OF MATTHEW C. HEERDE
222 Broadway 19th Floor
New York, NY 10038
P – 347 460 3588
F – 347 535 3588
E – mheerde@heerdelaw.com
www.heerdelaw.com

---

NOTICE: This e-mail and any attachments may contain legally privileged and/or confidential information. If you are not the intended recipient, any dissemination, distribution or copying of this e-mail and its attachments is strictly prohibited. If you receive this transmission in error, please immediately notify the sender by telephone or e-mail and permanently delete this e-mail and its attachments and destroy any printout thereof.

**From:** Neil Berger <neilberger@teamtogut.com>

**Date:** Monday, March 26, 2018 at 11:26 AM
**To:** Matthew Heerde <mheerde@heerdelaw.com>
**Cc:** Arthur Palmieri <apalmieri@heerdelaw.com>, Minta Nester <mnester@teamtogut.com>
**Subject:** Re: Rosen v. Chowaiki -- Opposition to MTD

Subject to FRE 408

Matthew:

Our agreement was to provide that information if the Court didn't dismiss your client's Amended Complaint, and the Court hasn't yet ruled on the Trustee's Motion to Dismiss.

Neil

Neil Berger, Esq.
Togut, Segal & Segal LLP
One Penn Plaza
New York, New York 10119
(phone) (212) 594-5000, Ext. 131
(fax)   (212) 967-4258
neilberger@teamtogut.com
www.togutlawfirm.com

TOGUT SEGAL & SEGAL LLP

> On Mar 26, 2018, at 11:17 AM, Matthew Heerde <mheerde@heerdelaw.com> wrote:
>
> Neil,
>
> Following up on the below.  Please let me know.
>
>
>
> Matthew C. Heerde
> LAW OFFICE OF MATTHEW C. HEERDE
> 222 Broadway 19th Floor
> New York, NY 10038
> P – 347 460 3588
> F – 347 535 3588
> E – mheerde@heerdelaw.com
> www.heerdelaw.com
> --------------------------------------------------------------------------------------------------------------

NOTICE: This e-mail and any attachments may contain legally privileged and/or confidential information. If you are not the intended recipient, any dissemination, distribution or copying of this e-mail and its attachments is strictly prohibited. If you receive this transmission in error, please immediately notify the sender by telephone or e-mail and permanently delete this e-mail and its attachments and destroy any printout thereof.

**From:** Matthew Heerde <mheerde@heerdelaw.com>
**Date:** Thursday, March 22, 2018 at 5:54 PM
**To:** Neil Berger <neilberger@teamtogut.com>
**Cc:** Arthur Palmieri <apalmieri@heerdelaw.com>, Minta Nester <mnester@teamtogut.com>
**Subject:** Re: Rosen v. Chowaiki -- Opposition to MTD

Neil,

Pursuant to our agreement below, your office was to provide my office with a confidential monthly ledger for February, which we haven't received. Please send a ledger for February ASAP, and please send a ledger for March by April 2.

Please let me know if you want to discuss.

Thank you.

Matthew C. Heerde
LAW OFFICE OF MATTHEW C. HEERDE
222 Broadway 19th Floor
New York, NY 10038
P – 347 460 3588
F – 347 535 3588
E – mheerde@heerdelaw.com
www.heerdelaw.com
-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------
NOTICE: This e-mail and any attachments may contain legally privileged and/or confidential information. If you are not the intended recipient, any dissemination, distribution or copying of this e-mail and its attachments is strictly prohibited. If you receive this transmission in error, please immediately notify the sender by telephone or e-mail and permanently delete this e-mail and its attachments and destroy any printout thereof.

**From:** Matthew Heerde <mheerde@heerdelaw.com>
**Date:** Friday, January 26, 2018 at 5:13 PM
**To:** Neil Berger <neilberger@teamtogut.com>
**Cc:** Arthur Palmieri <apalmieri@heerdelaw.com>, Minta Nester <mnester@teamtogut.com>
**Subject:** Re: Rosen v. Chowaiki -- Opposition to MTD

Neil,  Confirmed.  Have a good weekend.

Matthew C. Heerde
LAW OFFICE OF MATTHEW C. HEERDE
222 Broadway 19th Floor
New York, NY 10038
P – 347 460 3588
F – 347 535 3588
E – mheerde@heerdelaw.com
www.heerdelaw.com

------------------------------------------------------------------------------------------------------------
------------------------------------------------------------------------------------------------------------
-------------------------------------------------

NOTICE: This e-mail and any attachments may contain legally privileged and/or confidential information. If you are not the intended recipient, any dissemination, distribution or copying of this e-mail and its attachments is strictly prohibited. If you receive this transmission in error, please immediately notify the sender by telephone or e-mail and permanently delete this e-mail and its attachments and destroy any printout thereof.

**From:** Neil Berger <neilberger@teamtogut.com>
**Date:** Friday, January 26, 2018 at 5:12 PM
**To:** Matthew Heerde <mheerde@heerdelaw.com>
**Cc:** Arthur Palmieri <apalmieri@heerdelaw.com>, Minta Nester <mnester@teamtogut.com>
**Subject:** Re: Rosen v. Chowaiki -- Opposition to MTD

Subject to FRE 408

Matthew:

One point was missing from your email. Following are the acceptable terms:

The Trustee will provide your office a confidential monthly ledger of receipts and disbursements of the Debtor's estate. Your office will provide the Trustee no less than 10 calendar days' advance notice of any application for injunctive relief, and the return date of any such application shall not be less than 10 calendar days after the application is filed, subject only to the Court's calendar availability.

This agreement shall not be effective if Rosen's Complaint, as amended, is dismissed.

Please respond to confirm your agreement to these terms.

Neil

Neil Berger, Esq.
Togut, Segal & Segal LLP
One Penn Plaza
New York, New York 10119
(phone) (212) 594-5000, Ext. 131
(fax)   (212) 967-4258
neilberger@teamtogut.com
www.togutlawfirm.com
<image001.jpg>

> On Jan 26, 2018, at 4:55 PM, Matthew Heerde <mheerde@heerdelaw.com> wrote:
>
> Neil, We accept the trustee's most recent proposal, i.e.:
>
> The trustee will provide my office a confidential monthly ledger of receipts and disbursements of the debtor's estate. My office will provide the trustee no less than 10 calendar days' advance notice of any application for injunctive relief.
>
> Of course this doesn't apply if Rosen's complaint is dismissed.
>
> Please confirm. Thank you for your time
>
>
>
>
> Matthew C. Heerde
> LAW OFFICE OF MATTHEW C. HEERDE
> 222 Broadway 19th Floor

New York, NY 10038
P – 347 460 3588
F – 347 535 3588
E – mheerde@heerdelaw.com
www.heerdelaw.com
--------------------------------------------------------------------------------------------
--------------------------------------------------------------------------------------------
-------------------------------------------------------------------------------
NOTICE: This e-mail and any attachments may contain legally
privileged and/or confidential information. If you are not the
intended recipient, any dissemination, distribution or copying of this e-
mail and its attachments is strictly prohibited. If you receive this transmission
in error, please immediately notify the sender by telephone or e-mail
and permanently delete this e-mail and its attachments and destroy
any printout thereof.