**Exhibit A**

**<u>Settlement Agreement</u>**

TOGUT, SEGAL & SEGAL LLP
*Attorneys for the*
*Chapter 7 Trustee*
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Jacob R. Herz

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                    :

In re:                            :        Chapter 7 Case
                                   :        No. 17-13228 [MKV]

CHOWAIKI & CO. FINE ART LTD.,    :
                                   :

                    Debtor.     :

                                   :
------------------------------------------------------------- X

## SETTLEMENT AGREEMENT BY AND BETWEEN
## CHAPTER 7 TRUSTEE AND JOSEPH EDELMAN

This settlement agreement (the "Settlement Agreement") is entered into by and between, Albert Togut, not individually but solely in his capacity as Chapter 7 trustee (the "Trustee") of Chowaiki & Co. Fine Art Ltd. (the "Debtor"), and Joseph Edelman ("Edelman," together with the Trustee, the "Parties"):

## RECITALS

**WHEREAS**, on November 13, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and

**WHEREAS**, on November 14, 2017, Albert Togut was appointed Chapter 7 interim trustee of the Debtor, duly qualified and is acting as Trustee of the Debtor and its estate (the "Estate"); and

**WHEREAS**, prior to the Petition Date, on May 16, 2017, the Debtor and

Edelman entered into a agreement titled "Consignment Agreement" (the "Consignment Agreement") pursuant to which, among other things, the Debtor received from Edelman three works of art:  (i) *Haus im schnee* by Karl Schmidt-Rottluff (the "Rottluff"); (ii) *Sun God* by Pablo Picasso;  and (iii) *Tete de clown, fond bleu* by Pablo Picasso (collectively, the "Works of Art");  and

**WHEREAS**, pursuant to the Consignment Agreement, among other things, the Debtor was (1) entitled to be compensated upon sale(s) of the Works of Art, (2) Edelman (and not the Debtor) was required to obtain or maintain "wall to wall" insurance for the Works of Art;  and

**WHEREAS**,  Edelman asserts that he had the right to terminate the Consignment Agreement by giving notice, and that he retained title to the Works of Art unless and until full payment was rendered by a purchaser;  and

**WHEREAS**, Edelman asserts that prior to the Petition Date, the Debtor improperly transferred the Works of Art to Galerie Thomas ("Galerie Thomas"), which is located in München, Germany;  and

**WHEREAS**,  Edelman asserts that he terminated the consignment and made demand upon the Debtor for the Works of Art prior to the Petition Date; and

**WHEREAS**, Edelman asserts that prior to the Petition Date, at Debtor's instruction and without Edelman's knowledge or consent, Galerie Thomas released the Rottluff to Brandl Transport GmbH, located in Cologne, Germany ("Brandl") for storage on Debtor's account;  and

**WHEREAS**, subsequent to the Petition Date, the Trustee made written demand upon Galerie Thomas for the Works of Art;  and

**WHEREAS**, Edelman asserts that the Debtor's transfer of the Works of Art to Galerie Thomas, and the transfer of the Rottluff to Brandl, violated the Consignment

2

Agreement, and that, accordingly, the Debtor's interest in the Works of Art ended prior to the Petition Date such that the Estate has no valid interest in the Works of Art, and

**WHEREAS**, Edelman has demanded that the Works of Art be released to him;  and

**WHEREAS**, the Trustee has disputed Edelman's assertions and claims to the Works of Art, and the Trustee has also asserted that pursuant to section 544 of the Bankruptcy Code, the Estate's interests in the Works of Art are superior to Edelman's interests;  and

**WHEREAS**, this Settlement Agreement is based on the Parties' desire to avoid the costs, risks and uncertainty of litigation in the Bankruptcy Court and, potentially, in a foreign jurisdiction concerning the Parties' respective claims to the Works of Art;  and

**WHEREAS**, the Trustee is not aware of any liens or encumbrances on the Work of Art; and

**WHEREAS**, the Trustee has concluded that this Settlement Agreement is in the best interests of the Estate and is an appropriate means of resolving the Parties' competing claims to the Works of Art;  and

**NOW, THEREFORE,** without any admission of liability or the adjudication of any issue of fact or law, subject to approval of this Settlement Agreement by the Bankruptcy Court, and upon the consent and agreement between the Parties, it is hereby stipulated and agreed to by the Parties:

1.     **<u>Incorporation</u>**.  The recitals set forth above are incorporated herein by reference.

2.     **<u>Bankruptcy Court Approval</u>**.

a.     This Settlement Agreement shall become effective upon the

3

date that the Bankruptcy Court enters an order approving the terms of this Settlement

Agreement (the "Effective Date").

      b.    The Trustee will promptly file a motion with the Bankruptcy

Court for an order pursuant to Bankruptcy Rule 9019 (the "9019 Motion") approving

this Settlement Agreement (the "Approval Order").

      c.    The Trustee shall seek authority to redact consignment terms,

prices and other market sensitive information about the Works of Art and any financial

or account information of Edelman (collectively, "Sensitive Information") in connection

with the 9019 Motion pursuant to Bankruptcy Code 107(b) and Bankruptcy Rule 9018,

and shall notify Edelman within one (1) business day of receipt of any grant or denial of

such authority.  Each Party to this Settlement Agreement agrees that to the extent there

is any opposition to the 9019 Motion, the Parties will jointly support entry of an order

approving this Settlement Agreement and will cooperate to achieve approval and to

maintain the confidentiality of Sensitive Information.

      d.    Between the date that the Parties sign the Settlement

Agreement and the Effective Date, the Parties agree that they are bound by the

Settlement Agreement and that they shall do nothing contrary to the terms set forth

herein.

      3.    **Settlement Amount**.  No later than (5) business days after the

Effective Date, Edelman or his designated agent(s) shall deliver $65,000 (the "Settlement

Amount") to Wilk Auslander LLP, as counsel for Edelman, which shall (i) hold the

Settlement Amount in its IOLA account, and (ii) release the Settlement Amount to the

Trustee no later than five (5) business days after the date that the Works of Art have

been delivered to Edelman or his designated agent(s) (the "Receipt Date") .

      4.    **Return of Art**.  Not later than five (5) business days after the

Effective Date, the Trustee shall notify Galerie Thomas and Brandl in writing that each

of them is authorized to release the Works of Art and to deliver them to Edelman or his

designated agent(s), and they are hereby required to do so.  Edelman shall coordinate

and pay for all of the costs and expenses of transferring the Works of Art to his custody

and control.  Except as expressly set forth herein, the Trustee shall not be responsible for

any of the coordination, costs or liabilities associated with the transportation and

delivery of the Works of Art to Edelman, and neither he nor the Estate shall have any

liability or obligation to Edelman or any other party for any claim arising from or in

connection with the delivery of the Works of Art to Edelman, or in connection in any

way with the condition of the Works of Art.

       5.     **Settlement Payment**.  The Settlement Amount shall be made

payable to "Albert Togut, Chapter 7 Trustee of Chowaiki & Co. Fine Art Ltd.," and shall

be delivered to Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New

York 10119 (Attn: Neil Berger, Esq. and Jacob R. Herz, Esq.) not later than five (5)

business days after the Receipt Date.

       6.     **Contingency if Motion Denied**.  If the Bankruptcy Court does not

approve the Settlement Agreement, it shall be null and void and inadmissible for any

and all purposes in relation to any litigation commenced in the Bankruptcy Court or

otherwise.

       7.     **Termination of the Agreement**.  On the Effective Date, the

Consignment Agreement shall retroactively be recognized as having been terminated as

of October 30, 2017, and may not be enforced against any party.

       8.     **Edelman's Release**.  On the Confirmation Date, as

contemporaneous consideration for the return of the Works of Art, the Trustee's

agreement, including the relinquishment of all claims to the Works of Art in favor of the

Debtor and the Estate, and other valuable consideration provided for herein, Edelman, to the extent permitted by law, on behalf of himself, his heirs, representatives and assigns, does hereby fully, finally and forever waive, release and/or discharge the Trustee, his retained professionals in this case, the Debtor, the Debtor's insurers and the Estate from any and all claims, causes of action suits, debts, obligations, liabilities, accounts, damages, defenses, or demands whatsoever, known or unknown, asserted or unasserted, which arise from or otherwise related to the Works of Art and the Consignment Agreement.

9.    **Trustee's Release.**  Upon his receipt of the Settlement Amount, as contemporaneous consideration for the Settlement Payment and other valuable consideration provided for herein, the Trustee, to the extent permitted by law, on behalf of himself and his retained professionals in this case, the Debtor, and the Estate, representatives and assigns, does hereby fully, finally and forever waive and release Edelman and his heirs, successors, assigns, affiliates, attorneys, insurers and agents from any and all of the Estate's claims, causes of action, suits, debts, obligations, liabilities, accounts, damages, demand rights, titles, defenses, or demands whatsoever, known or unknown, asserted or unasserted, which arise from or otherwise related to the Works of Art and the Consignment Agreement.

10.    **Entire Agreement.**  This Settlement Agreement constitutes the entire agreement and understanding of the Parties regarding the Settlement Agreement, the Consignment Agreement and the subject matter thereof and can only be modified by a writing signed by the Parties and approved by the Bankruptcy Court.

11.    **Successors and Assigns.**  This Settlement Agreement shall be binding upon the Parties hereto and their respective successors and/or assigns.

12.    **No Admission of Liability.**  The Parties hereto understand and

agree that neither the making of this Settlement Agreement nor anything contained herein shall be construed or considered in any way to be an admission of guilt, wrongdoing, liability, or noncompliance with federal, state or local law, statute, order or regulation, tortious act, breach of contract, violation of common law, or any other wrongdoing whatsoever.

13.     **Rule 408 Communication.**  No statement made or action taken in connection with the negotiation of this Settlement Agreement shall be offered or received in evidence or in any way referred to in any legal action among or between the Parties, other than as may be necessary to obtain approval of and enforce this Settlement Agreement or any dispute hereunder.

14.     **Construction.**  This Settlement Agreement shall be construed without regard to any presumption or other rule requiring construction against the party causing the document to be drafted.  Each Party warrants that it has been represented and advised by counsel or has had full opportunity to be represented and advised by counsel with respect to this Settlement Agreement and all matters covered by it.

15.     **Facsimile Signature.**  This Settlement Agreement may be executed in multiple counterparts, each of which shall be deemed an original and evidence of this Settlement Agreement may be exchanged by fax or by electronic transmission of a scanned copy of the signature pages or by exchange of originally signed documents, each of which shall be as fully binding on the party as a signed original.

16.     **Authority.**  Each person who executes this Settlement Agreement represents that he or she is duly authorized to execute this Settlement Agreement.  The Trustee represents that he is authorized to enter into this Settlement Agreement and that he and the Debtor will be bound thereby, subject to the Bankruptcy Court's

approval.

17.    **Jurisdiction.**  The Parties hereby irrevocably and unconditionally

agree that the Bankruptcy Court shall retain exclusive jurisdiction to interpret,

implement, and enforce the provisions of this Settlement Agreement pursuant to the

laws of the State of New York.


**ACKNOWLEDGED AND AGREED TO BY:**

Dated:  March 29, 2018
          New York, New York

JOSEPH EDELMAN
By his attorneys,


*/s/ Eric Snyder*
WILK AUSLANDER LLP
Eric Snyder
1515 Broadway
New York, New York
(212) 981-2300

Dated:  March 29, 2018
          New York, New York

ALBERT TOGUT,
          Not Individually But Solely in His
          Capacity as Chapter 7 Trustee,
By his attorneys,


*/s/ Neil Berger*
TOGUT, SEGAL & SEGAL LLP
Neil Berger
Jacob R. Herz
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000