TOGUT, SEGAL & SEGAL LLP
*Attorneys for the Chapter 7 Trustee*
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Minta J. Nester
Luke P. Thara

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
                                                                 :
In re:                                                           :   Chapter 7 Case
                                                                 :   No. 17-13228 [MKV]
CHOWAIKI & CO. FINE ART LTD.,                                    :
                                                                 :
                                        Debtor.                  :
                                                                 :
---------------------------------------------------------------- X

**STIPULATION BY AND BETWEEN CHAPTER 7 TRUSTEE
AND KS ENTERPRISE LLC RESOLVING CLAIM NO. 43
CONCERNING PICASSO'S *LE CLOWN***

This stipulation ("Stipulation") is entered into by and between Albert Togut, not individually but solely in his capacity as Chapter 7 trustee ("Trustee") of Chowaiki & Co. Fine Art Ltd. ("Debtor"), and KS Enterprise LLC ("KS", together with the Trustee, the "Parties"):

**RECITALS**

**The Chapter 7 Case**

**WHEREAS**, on November 13, 2017 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code ("Petition") in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court"); and

**WHEREAS**, on November 14, 2017, Albert Togut was appointed Chapter 7 interim trustee of the Debtor; he duly qualified and is acting as Trustee of the Debtor and its estate ("Estate"); and

**WHEREAS**, on February 14, 2018, the Bankruptcy Court entered the *Order (I) Establishing a Special Bar Date for Art Claims and (II) Approving Form and Manner of Notice Thereof* [Dkt. No. 57], which established April 16, 2018 as the deadline to file art claims in this case (each, an "Art Claim");  and

**The Art Claims Regarding Picasso's *Le Clown***

**WHEREAS**, on April 13, 2018, KS Enterprise LLC ("KS") filed Art Claim No. 43 ("Claim No. 43" or the "KS Claim") asserting an ownership interest in Pablo Picasso's, *Le Clown*  ("*Le Clown*");  and

**WHEREAS**, on April 16, 2018, Piedmont filed Art Claim No. 62 ("Claim No. 62") and Art Claim No. 63 ("Claim No. 63", together with Claim No. 62, the "Piedmont Claims") asserting, in part, an Art Claim concerning *Le Clown* and, in the alternative, a secured claim regarding *Le Clown*;  and

**WHEREAS**, on March 6, 2018, Andrew and Kirsten Neuman (the "Neumans") filed Art Claim No. 15 ("Claim No. 15") asserting an ownership interest in *Le Clown*;  and

**WHEREAS**, no party other than KS, Piedmont and the Neumans have asserted an Art Claim concerning *Le Clown* in the above-captioned case;  and

**The District Court Action**

**WHEREAS**, Ezra Chowaiki, the Debtor's principal, is the defendant in a criminal action commenced by the United States of America ("United States" or "Government") in the United States District Court for the Southern District of New York ("District Court") entitled *USA v. Chowaiki*, Case No. 18-cr-00323 ("District Court Action"), in which the District Court entered an *Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money*

2

*Judgment*, under which *Le Clown* could have been forfeited to the United States subject to claims filed pursuant to 21 U.S.C. § 853 (the "Forfeiture Order") [District Court Dkt. No. 19]; and

**WHEREAS**, in response to the Forfeiture Order, the Trustee filed a Petition ("Trustee Petition") in the District Court Action, as amended [District Court Dkt. Nos. 58, 59, 60], to protect the Estate's interest in various works of art including *Le Clown*; and

**WHEREAS**, in response to the Forfeiture Order, on July 3, 2018, the Neumans filed a verified petition with supporting documentation in the District Court Action (the "Neumans Petition") [District Court Dkt. No. 31] and asserted an exclusive ownership interest in *Le Clown*; and

**WHEREAS**, in response to the Forfeiture Order, on July 6, 2018, KS filed a verified petition with supporting documentation in the District Court Action (the "KS Petition") [District Court Dkt. No. 47] and asserted an ownership interest in *Le Clown*; and

**WHEREAS**, in response to the Forfeiture Order, on July 10, 2018, Piedmont filed a verified petition with supporting documentation in the District Court Action (the "Piedmont Petition") [District Court Dkt. No. 57] and asserted an ownership interest in *Le Clown*; and

**WHEREAS**, the Trustee, the Neumans, KS, and Piedmont were the only parties who filed petitions in the District Court Action to assert an interest in *Le Clown*; and

**WHEREAS**, pursuant to Title 21, United States Code, Section 853(n)(2) the deadline to file a petition with the District Court asserting a legal interest in *Le Clown* has expired ("Claim Deadline"); and

**The District Court Order**

**WHEREAS**, on or about January 3, 2019, the United States filed a motion with the Court requesting that the Court dismiss the Trustee Petition, the KS Petition, and the Piedmont Petition (the "Government Dismissal Motion") [District Court Dkt. Nos. 86-87]; and

**WHEREAS**, on or about April 2, 2019, the Court issued an *Opinion and Order* for the Government Dismissal Motion that: dismissed (1) the KS Petition and (2) the Trustee Petition, while preserving the Trustee's contractual claim for money damages against the Neumans for 15% of any future sale price of *Le Clown* (the "Trustee Contract Rights"); and denied (3) the motion to dismiss the Piedmont Petition (the "Dismissal Order") [District Court Dkt. No. 119]; and

**The Trustee and Neumans Settlement**

**WHEREAS**, prior to the entry of the District Court Order, the Neumans and the Trustee had settled their competing claims concerning *Le Clown* on or about February 2, 2019, including regarding the Trustee Contract Rights (the "Trustee/Neuman Settlement"); and

**WHEREAS**, on May 8, 2019, the Bankruptcy Court entered an order approving the Trustee/Neuman Settlement, pursuant to Bankruptcy Rule 9019, pursuant to which the Trustee agreed to waive any claim to (1) possess *Le Clown* in favor of the Neumans, and (2) the Trustee Contract Rights, in exchange for, among other consideration, a payment of $10,000 from the Neumans; and

**Piedmont and the Neumans Settlement Stipulation**

**WHEREAS,** in light of the District Court Order, Piedmont and the Neumans entered into a settlement stipulation settling their remaining competing claims to *Le Clown* on May 17, 2019, which was "So Ordered" by the District Court (the "Piedmont/Neuman Settlement") [District Court Dkt. No. 121]; and

**WHEREAS**, in the Piedmont/Neuman Settlement, Piedmont agreed that "the Neumans would have right, title and interest in" *Le Clown*, [*id*., at 4], and Piedmont further agreed to withdraw the Piedmont Petition, [*id*., at 5]; and

**NOW, THEREFORE,** without any admission of liability or the adjudication of any issue of fact or law, subject to approval of this Stipulation by the Bankruptcy Court, and upon the consent and agreement between the Parties, it is hereby stipulated and agreed to by the Parties:

1. **Incorporation**. The recitals set forth above are incorporated herein by reference.

2. **Bankruptcy Court Approval**. This Stipulation shall become effective upon the date that an order of the Bankruptcy Court approving the terms herein becomes final (the "Effective Date").

3. **The KS Claim Concerning *Le Clown***. To the extent that the KS Claim relates to *Le Clown*, it shall be treated and allowed as a single general unsecured claim for the actual loses attributable to the transactions with the Debtor concerning *Le Clown* in the amount of $100,000 (the "***Le Clown* GUC**").

4. **The Piedmont Art Claim**. Nothing contained herein is intended to, or shall, prejudice the Piedmont Claims concerning *Le Clown* filed as Claim Nos. 62 and 63.

5. **Contingency If Stipulation Denied**. If the Bankruptcy Court does not approve this Stipulation, it shall be null and void and inadmissible for any and all purposes in relation to any litigation commenced in the Bankruptcy Court or otherwise.

6. **Entire Agreement.** This Stipulation constitutes the entire agreement and understanding of the Parties regarding the Stipulation and the subject matter thereof, and can only be modified by a writing signed by the Parties and approved by the Bankruptcy Court.

7. **Successors And Assigns.** This Stipulation shall be binding upon the Parties hereto and their respective successors and/or assigns.

8. **No Admission Of Liability.** The Parties hereto understand and agree that neither the making of this Stipulation nor anything contained herein shall be construed or considered in any way to be an admission of guilt, wrongdoing, liability, or noncompliance with federal, state or local law, statute, order or regulation, tortious act, breach of contract, violation of common law, or any other wrongdoing whatsoever.

9. **Rule 408 Communication.** No statement made or action taken in connection with the negotiation of this Stipulation shall be offered or received in evidence or in any way referred to in any legal action among or between the Parties, other than as may be necessary to obtain approval of and enforce this Stipulation or any dispute hereunder.

10. **Construction.** This Stipulation shall be construed without regard to any presumption or other rule requiring construction against the party causing the document to be drafted. Each Party warrants that it has been represented and advised by counsel or has had a full opportunity to be represented and advised by counsel with respect to this Stipulation and all matters covered by it.

11. **Facsimile Signature.** This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original and evidence of this Stipulation may be exchanged by fax or by electronic transmission of a scanned copy of the signature pages or by

exchange of originally signed documents, each of which shall be as fully binding on the Parties as a signed original.

12. **Authority.** Each person who executes this Stipulation represents that he or she is duly authorized to execute this Stipulation. The Trustee represents that he is authorized to enter into this Stipulation, subject only to Bankruptcy Court approval, and that he and the Debtor will be bound thereby, subject to the Bankruptcy Court's approval.

13. **Enforcement Of Stipulation**. If this Stipulation is challenged by any third-party after the Effective Date, each of the Parties to this Stipulation will take such actions that are reasonably requested by the other Party to assure that the rights and obligations established by this Stipulation are upheld and enforced.

14. **Jurisdiction.** The Parties agree that: (a) the Bankruptcy Court shall retain exclusive jurisdiction to interpret, implement and enforce the provisions of this Stipulation pursuant to the laws of the State of New York and the United States Bankruptcy Code, and (b) the District Court shall have and retain exclusive jurisdiction to interpret, implement, and enforce the provisions of any order or stipulation entered in the District Court Action.

[*Concluded on the following page*]

**ACKNOWLEDGED AND AGREED TO BY:**

Dated: July 3, 2019
New York, New York

KS Enterprise LLC,
By its attorney,
By:

*/s/* Dustin Stein
Dustin Stein, Esq.
108 E. 38th St., 18B
New York, New York 10016
(732) 986-6171

Dated: July 3, 2019
New York, New York

ALBERT TOGUT,
  Not Individually But Solely in His
  Capacity as Chapter 7 Trustee,
By his attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

*/s/* Neil Berger
Neil Berger
Minta J. Nester
Luke P. Thara
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

**WHEREAS**, on July 3, 2019, the Chapter 7 Trustee, by notice of presentment, submitted the foregoing stipulation resolving a claim [Claim No. 43] against the estate (the "Claims Resolution Stipulation") to be approved and so ordered by the Court [ECF No. 175], and the notice of presentment appearing to have been properly served [ECF No. 181]; and

**WHEREAS**, the time to object to the foregoing Claims Resolution Stipulation expired on July 22, 2019, at 11:00 a.m., and no objections having been filed, and for good cause appearing, the foregoing Claims Resolution Stipulation is hereby

**APPROVED AND SO ORDERED**

Dated: New York, New York
       August 8, 2019

  *s/ Mary Kay Vyskocil*
HONORABLE MARY KAY VYSKOCIL
UNITED STATES BANKRUPTCY JUDGE